## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LEE DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:16-cv-1018 |
| | ) | |
| IC SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, LEE DANIELS ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, IC SYSTEM, INC., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al.  ("TDCA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5.  In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k, and 15 U.S.C. 1693(m).

9.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Garland, Dallas County, Texas.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

14. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

15. Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a collection agency located in St. Paul, Minnesota.

17. Defendant is a business entity engaged in the collection of debt within the State of Texas.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

20. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

21. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

22. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

23. Defendant is attempting to collect an alleged consumer debt originating with AT&T that belongs to Plaintiff's brother-in-law, Eugene Condon.

24. The alleged debt owed arises from transactions for personal, family, and household purposes.

25. In or around October, 2015, Defendant began placing collection calls to Plaintiff's cellular telephone number at 972-890-43xx, and Plaintiff's work telephone number at 972-840-82xx

26. Defendant calls Plaintiff from 703-656-9860, which is one of Defendant's telephone numbers.

27. On one occasion, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

28. During the aforementioned conversation, Plaintiff disputed the debt, explained that the debt had been paid, and informed the collector that Eugene Condon did not live with him, and that Eugene Condon could not be reached at Plaintiff's cellular telephone

number.

29. Despite Plaintiff's dispute and explanation to Defendant's collector that Defendant was calling the wrong number, Defendant continued to place collection calls to Plaintiff.

30. On October 23, 2015, Plaintiff's attorney's office faxed a cease and desist letter to Defendant at 651-204-1220.

31. On October 23, 2015, Plaintiff's attorney's office received a fax confirmation report stating that the fax had succeeded.

32. Despite Plaintiff's oral and written cease and desist requests, Defendant continued to place repeated calls to Plaintiff, on his cellular telephone, using an "automated telephone dialing system."

33. Specifically, Defendant called Plaintiff three (3) times on October 26, 2015, at approximately 1:04 p.m.

34. On October 26, 2015, Plaintiff's attorney's office faxed a second cease and desist letter to Defendant at 651-204-1220.

35. On October 26, 2015, Plaintiff's attorney's office received a fax confirmation report stating that the fax had succeeded.

36. On more than one occasion, Plaintiff answered Defendant's collection calls and was connected to an automated system.

37. Defendant called Plaintiff using an autodialer system.

38. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

39. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The

telephone numbers that Defendant used to contact Plaintiffs with an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

40. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

41. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

42. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

43. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

44. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

45. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

46. Even if Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after Plaintiff orally revoked such consent.

47. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

48. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

49. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

50. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and told Defendant that Eugene Condon could not be reached at Plaintiff's telephone number; and

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and told Defendant that Eugene Condon could not be reached at Plaintiff's telephone number.

   WHEREFORE, Plaintiff, LEE DANIELS, respectfully requests judgment be entered against Defendant, IC SYSTEM, INC.., for the following:

51. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

52. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

53. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

54. Plaintiff repeats and realleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

55. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after Plaintiff disputed the allege debt and told Defendant that Eugene Condon could not be reached at Plaintiff's telephone number.

WHEREFORE, Plaintiff, LEE DANIELS, respectfully requests judgment be entered against Defendant, IC SYSTEM, INC., for the following:

56. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

57. For attorneys' fees, costs and disbursements;

58. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

59. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT III:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

60. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

61. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

62. These phone calls were made without the prior express consent of Plaintiff.

63. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. §227 (b)(1)(A)(iii) when Defendant placed collection calls to Plaintiff's cellular phone and there was a delay when Plaintiff answered the phone before being connected to a live collector, even after Plaintiff had revoked consent.

WHEREFORE, Plaintiff, LEE DANIELS, respectfully requests judgment be entered against Defendant I.C. SYSTEM, INC., for the following:

64. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

65. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

66. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

67. Any other relief that this Honorable Court deems appropriate.

DATED:  April 15, 2016                    RESPECTFULLY SUBMITTED,


                                          By:  /s/Michael S. Agruss
                                               Michael S. Agruss
                                               SBN: 6281600
                                               Agruss Law Firm, LLC
                                               4809 N. Ravenswood Ave., Suite 419
                                               Chicago, IL 60640
                                               Tel: 312-224-4695
                                               Fax: 312-253-4451
                                               michael@agrusslawfirm.com
                                               Attorney for Plaintiff